# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| R&B ROOFING, LLC § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HOLCIM SOLUTIONS AND § <br> PRODUCTS US, LLC f/k/a § <br> FIRESTONE BUILDING PRODUCTS § <br> COMPANY, LLC § <br> Defendant. § | CIVIL ACTION NO.: 3:24-cv-51 <br> JURY DEMANDED |

### DEFENDANT HOLCIM SOLUTIONS AND PRODUCTS US, LLC f/k/a FIRESTONE BUILDING PRODUCTS COMPANY, LLC'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Holcim Solutions and Products US, LLC f/k/a Firestone Building Products Company, LLC, (herein referred to as "Holcim" or "Defendant"), by and through its counsel, and pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby files this Notice of Removal based on diversity jurisdiction and would show the Court as follows:

## I.
### SUMMARY OF ARGUMENT

1. Removal of this matter is proper because there is complete diversity amongst the parties—Plaintiff's principal place of business is in the State of Texas and Holcim Solutions is an Indiana entity with its principal place of business in the State of Tennessee. Further, Plaintiff also pled damages in excess of the jurisdictional amounts of the Court, and Holcim timely removed this matter to Federal Court.

## II.
### BACKGROUND FACTS AND PROCEDURAL HISTORY

2. On December 1, 2023, Plaintiff filed suit against Holcim in state court Cause Number CC-23-07923-C; *R&B Roofing, LLC vs. Holcim Solutions and Products US, LLC f/k/a Firestone Building Products Company, LLC,* in the County Court at Law No. 3 of Dallas County, Texas asserting claims for breach of contract. *See* Exhibit A, Plaintiff's Original Petition. Plaintiff's claims are based on a roof installation wherein R&B Roofing entered into a contract with Burns & McDowell Engineering Company, Inc. ("Burns & McDowell") to serve as a roofing subcontractor in the construction of a new Kohler Fixture Warehouse to be constructed at 3454 Wall Triana Highway, Huntsville, Alabama 35813 ("The Kohler Project"). *Id* at pg. 3. Burns & McDowell was provided with architectural specifications for The Kohler Project that identified ten (10) roofing material manufacturers that could be used in the construction of the roof. *Id* at pg. 3. Burns & McDowell allegedly entered negotiations with C-Cap, Inc. a/k/a Contractors' Commercial Architectural Products, Inc., ("C-Cap"), an authorized sales representative for Holcim roofing materials. *Id* at pg. 4. Holcim, through C-Cap, provided written quotes for The Kohler Project to R&B Roofing. *Id* at pg. 4. In May of 2021, R&B formally accepted a price quote offered by Holcim and contracted with Holcim to purchase roofing materials for the project. *Id* at pg. 6. Holcim issued appropriate Price Increase Announcements that were forwarded to R&B by C-Cap. Plaintiff alleges that it paid an additional $250,500 for the roofing material supplied by Holcim as a result of the Price Increase Announcements.

*Id* at pg. 10. The Parties dispute the pricing obligations set forth in Firestone Red Shield Roofing Applicator Agreement dated June 7, 2004, that governs the relationship.

3. Holcim's registered agent for service of process received the citation and a copy of the Plaintiff's Original Petition on December 18, 2023.[1]

4. Holcim timely removes this matter to Federal Court on the basis of diversity jurisdiction.

### III.
### REMOVAL IS TIMELY

5. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of receipt of this lawsuit by Holcim. [2]

### IV.
### DIVERSITY JURISDICTION EXISTS FOR ALL PARTIES TO THE SUIT

6. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, pursuant to 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[1] *See* **Exhibit B**, Citation and Return of Service for Holcim attached hereto and incorporated herein for all purposes to this Notice of Removal.
[2] *See* **Exhibit B**.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the damages sought exceed the sum of $75,000.

**A.     Diversity of Citizenship Exists Between Holcim and the Plaintiff.**

8. In their Original Petition, Plaintiff R&B Roofing, LLC pleads that it is a Texas limited liability company with its principal place of business in Garland, Texas. *See* Exhibit A at pg. 1 at ¶ 1. The members of R&B Roofing, LLC are residents of the State of Texas. *See Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (explaining that with respect to a limited liability company, its citizenship is determined by the citizenship of its members). As such, R&B Roofing, LLC is a citizen of the State of Texas.

9. Defendant Holcim Solutions and Products US, LLC is an Indiana limited liability company with its principal place of business in Nashville, Tennessee. The sole member of Holcim is Holcim Participations (US) Inc., an Illinois corporation with is principal place of business in Illinois. Thus, for purposes of diversity jurisdiction, Holcim is considered a citizen of Illinois.

10. As such, complete diversity of citizenship exists between Holcim and Plaintiff.

**B.     The Amount in Controversy Exceeds $75,000.00.**

11. Plaintiff's damage claims also meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(b). The amount in controversy is the estimate of damages that will be put at issue, not the amount Plaintiff will recover. *S.W.S.*

*Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Under Texas Rule of Civil Procedure 47, a plaintiff is required to plead one of the statutorily prescribed ranges of damages.[3] In this matter, Plaintiff pled that it seeks over $200,000 in damages.[4] As such, from the face of the petition, the amount in controversy plainly exceeds $75,000.

## V.
### CONCLUSION

12. This lawsuit is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 and is one which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Further, removal to this judicial district and division is proper under 28 U.S.C. § 1441(a), as this district and division embraces Dallas County, Texas where the state court action was filed and is currently pending.

13. Simultaneously with the filing of this Notice of Removal, notice will be given to Plaintiff and a copy of this Notice of Removal will be filed with the clerk of the County Court at Law No. 3 Dallas County, Texas.[5]

14. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81.1, the following exhibits are attached:

> Exhibit A:   Plaintiff's Original Petition and Jury Demand (filed December 1, 2023);
>
> Exhibit B:   Citation and Return of Service to Holcim (served December 18, 2023);
>
> Exhibit C:   State Court Docket Sheet;

---

[3] TEX. R. CIV. P. 47.
[4] *See* **Exhibit A** at ¶ 6. Plaintiff pled damages in accordance with Tex. R. Civ. P. 47©(4) which states "monetary relief over $200,000 but no more than $1,000,000."
[5] *See* 28 U.S.C. § 1446(d).

5

Exhibit D: Index of Matters Being Filed;

Exhibit E: List of All Counsel of Record;

Exhibit F: Civil Cover Sheet; and

Exhibit G: Supplemental Civil Cover Sheet.

15. Holcim reserves the right to amend or supplement this Notice of Removal.

## VI.

WHEREFORE, PREMISES CONSIDERED, Holcim Solutions and Products US, LLC f/k/a Firestone Building Products Company, LLC prays for removal of the above entitled and numbered from the Dallas County Court at Law No. 3 Dallas County, Texas to this Honorable Court, and for such other and further relief to which it may be justly entitled.

DATED: January 8, 2024          Respectfully submitted,

**TRENT & TAYLOR, L.L.P.**

By:   */s/ T. Christopher Trent*
      T. Christopher Trent
      State Bar No. 20209400
      Erin Lockshin
         *(Application for Admission Forthcoming)*
      Texas Bar No. 24102706
      919 Milam, Suite 1500
      Houston, Texas 77002
      Telephone: (713) 222-2323
      Facsimile: (713) 222-2226
      Email: ctrent@trent-law.com
      Email: elockshin@trent-law.com

**ATTORNEYS FOR DEFENDANT HOLCIM SOLUTIONS AND PRODUCTS US, LLC F/K/A FIRESTONE BUILDING PRODUCTS COMPANY, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this **8th day of January 2024.**

| | |
|---|---|
| Austin P. Smith<br>STECKLER, WAYNE & LOVE, PLLC<br>12720 Hillcrest Road, Suite 1045<br>Dallas, Jacoby 75230 | *Via E-Service* |
| Stephen M. Phillips<br>Mark A. Husted<br>HENDRICK, PHILLIPS, SALZMAN & SIEGEL<br>230 Peachtree Street, Suite 2500<br>Atlanta, GA 30303 | *Via E-Service* |

*/s/ T. Christopher Trent*
T. Christopher Trent